**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTHA PEREZ,

                              Plaintiff,

          v.

BAXTER HEALTHCARE CORP.; and
DOES 1–20, inclusive,

                              Defendants.

Case No. 2:12-cv-08075-ODW (SSx)

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND [9]**

## I.    INTRODUCTION

On September 19, 2012, Defendant Baxter Healthcare Corporation removed this disability-discrimination and failure-to-accommodate action to this Court. Plaintiff Martha Perez now moves to remand the case to Los Angeles Superior Court, arguing that Baxter has failed to establish the amount in controversy required for this Court to exercise diversity jurisdiction.  (ECF No. 9.)  Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L. R. 7-15. The Court concludes that it has diversity jurisdiction over this case and therefore **DENIES** Perez's Motion.

## II.    FACTUAL BACKGROUND

On June 13, 2012, Perez filed this action in state court, alleging two violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code

§§ 12900–96:  (1) disability discrimination; and (2) failure to accommodate.  (Notice of Removal Ex. A.)  Perez contends that after being removed from her position as a plate reader on March 14, 2012, Baxter placed Perez on family medical leave, which Perez did not consent to or request.  (Mot. 3.)  She also asserts that Baxter gave her 60 days to find alternative employment within the company; if Perez failed to do so, Baxter would terminate her.  (*Id*.)  Despite Perez's wrist and arm injury—which restricted her from completing tasks such as "lifting any item over 10 pounds, heavy pushing and pulling over [ten] pounds, any over the shoulder work on her left side, and any repetitive pinching and grabbing"—Baxter then offered her a new job opportunity as a quality coordinator.  (*Id.* 4.)  This new position violated Perez's medical restrictions because it required her to carry and lift 12-pound binders multiple times a day.  (*Id.*)  Perez argues that Baxter's actions constitute discrimination based on physical disability and medical condition, thus causing her monetary damages, economic losses, mental anguish, humiliation, and physical and emotional distress.  (Notice of Removal Ex. A.)  Regarding damages, Perez seeks general damages, punitive damages, interest on the sum of damages awarded, attorney's fees, and costs.  (Mot. 4–5.)  Baxter filed its answer to Perez's Complaint on September 18, 2012, and subsequently removed this action to this Court on September 19, 2012.  (ECF No. 1.)  Perez moved to remand on October 8, 2012.  (ECF No. 9.)

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

(emphasis added).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.  To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Additionally, in determining the amount in controversy, the Court may include the request for punitive damages and emotional distress damages if they are recoverable under the applicable law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002).  California law allows the recovery of punitive damages based on claims for violations of FEHA, wrongful termination, and intentional infliction of emotional distress.  *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033.  To establish emotional distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

Finally, in ordinary diversity cases, a request for attorney's fees cannot be included in the jurisdictional amount unless an underlying statute authorizes an award of attorney's fees.  *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)).  But even when including

attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000. *Gaus*, 980 F.2d at 567.

## IV.   DISCUSSION

Perez's state-court Complaint did not specify the amount of damages she seeks. Therefore, as the proponent of federal jurisdiction, Baxter must establish by facts or summary-judgment-like evidence that it is more likely than not that the amount in controversy exceeds $75,000 in this case.[1] Baxter argues that the total of Perez's lost earnings, emotional distress, punitive damages, and attorney's fees is greater than the amount in controversy required for diversity jurisdiction. (ECF No. 12.) The Court considers each category of damages in turn.

### A.  Lost Earnings

Baxter alleges that Perez's lost earnings alone exceed $75,000. (Notice of Removal ¶¶ 11–12.) Baxter sets forth a figure of $77,555.29, which includes both $25,851.78 of back pay and $51,703.51 of front pay. (*Id.*) These numbers are based upon Perez's annual salary of $51,703.51. (*Id.* ¶ 12.) The Court agrees with Baxter's estimate of back pay since it takes into account the total wages Perez would have earned had she not been put on family medical leave on March 14, 2012. However, it is unclear why Baxter assumes Perez would seek a year's worth of front pay. While Baxter provides the Court with numerous cases where plaintiffs have received well over $75,000 in future economic damages, it fails to point to any evidence in the record indicating that Perez will seek a similar jury award. (Opp'n 6–10.) It is conceivable that Perez could request only a few months of front pay, with each month

---

[1] It is undisputed that the parties to this action are diverse. (Opp'n 5.) Perez is a citizen of California, while Baxter is a citizen of Illinois. (Notice of Removal Ex. A.) Therefore, the amount in controversy is the sole issue this Court must resolve before exercising diversity jurisdiction.

1    totaling $4,308.78.  For example, if Perez seeks eleven months of front pay, she will

2    request $47,396.58.  Adding this number to Baxter's proposed back pay amount will

3    bring Perez shy of the more-than-$75,000 jurisdictional requirement.  As a result,

4    Baxter's lost-earnings argument is insufficient to persuade the Court that this case

5    merits diversity jurisdiction.

6    **B. Emotional Distress**

7         Baxter also tries to establish the requisite amount in controversy by analogizing

8    Perez's emotional distress damages to damages awarded in similar situations.  (Opp'n

9    7–12.)  In its Opposition, Baxter refers to several California cases in which injured

10   and often terminated employees sued their employers for disability discrimination and

11   failure to accommodate.  (*Id.*)  All these plaintiffs received non-economic damages

12   totaling over $75,000.  *See, e.g.*, *Morales v. L.A. Cnty. Metro. Transp. Auth.*, No.

13   BC339557 (L.A. Super. Ct. Aug. 19, 2008) (awarding terminated bus driver with

14   carpal tunnel syndrome $300,000 for past non-economic damages and $1,000,000 for

15   future economic damages); *Ismen v. Beverly Hospital*, No. BC366198 (L.A. Super.

16   Ct. Aug. 13, 2008) (awarding $113,100 in emotional distress damages to terminated

17   medical records clerk whose condition prevented her from heavy lifting); *Cortes v.

18   Montebello Unified Sch. Dist.*, No. BC359419 (L.A. Super. Ct. May 27, 2008)

19   (awarding $82,000 in past non-economic damages to injured teacher after the school

20   district insisted she attempt to teach despite being restricted to a sedentary position).

21        The plaintiffs in these cases were unable to perform their assigned jobs because

22   of their medical condition and suffered damages as a result, which is exactly what

23   Perez alleges here.  Like the plaintiffs in *Morales*, *Ismen*, and *Cortes*, Perez could not

24   perform the tasks required of her as a quality coordinator.  (Notice of Removal Ex. A.)

25   Consequently, she endured "humiliation, mental anguish, and physical and emotional

26   distress."  (*Id.*)  Since all of the non-economic damage awards Baxter proffers exceed

27   $75,000—indeed, the smallest amount Baxter provides to the Court is $82,000—it is

28   plausible that Perez could be awarded a similar amount for her emotional distress

damages.   (Opp'n 12.)   Combined with the $25,851.78 figure Baxter provides regarding Perez's back pay, Baxter's potential damages for emotional distress overcome the presumption against removal.   As such, the Court need not look at whether Perez's punitive damages and attorney's fees also exceed the amount in controversy requirement for diversity jurisdiction.

## V.     CONCLUSION

Baxter establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.   Therefore, the Court **DENIES** Lopez's Motion to Remand.


**IT IS SO ORDERED.**


October 31, 2012


_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**